FILED
SUPERIOR COURT
OF GUAM

2022 SEP 14 PM 5: 06

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0023-20 |
| vs. | **DECISION AND ORDER** |
| LEONARDO MANGLONA TOVES, II<br>DOB:08/23/1977 | *Re: People's Motion for Revocation and<br>Imposition of Sentence* |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 7, 2022, for a revocation hearing. Present at the hearing were: Defendant Leonardo Toves II ("Defendant") with counsel Samuel Tecker, and Assistant Attorney General Katherine Nepten for the People. Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** the People's Motion for Revocation and Imposition of Sentence.

## BACKGROUND

On January 21, 2021, Defendant entered a plea of guilty to the charge of THEFT (as a Third Degree Felony), as a lesser-included offense of the first charge of THEFT OF PROPERTY (as a Second Degree Felony). Under the Plea Agreement, Defendant was to serve a total of five (5) years of incarceration, all but one (1) year suspended, with credit for time served. The Plea Agreement also placed Defendant under probation for three (3) years and required that Defendant pay a fine of three hundred dollars ($300.00); pay eighty dollars ($80.00) in court costs; perform one hundred (100) hours of community service; and obey all local and federal

laws, among other conditions. *See* Judgment (Feb. 9, 2021). Defendant's probationary term is set to expire in February 2024.

There are a total of four violations filed in this matter. The First Violation Report, filed on August 17, 2021, indicated that not only did Defendant fail to conduct his monthly check-in, but he also failed to make payment toward his fine and court costs. Additionally, Defendant failed to schedule, attend, and complete the Petty Theft Diversion Program (PTDP), and he failed to pay the fifty-dollar ($50.00) fee for the PTDP.

The Second Violation Report, filed on February 25, 2022, indicated that Defendant failed to stay away and not consume illegal controlled substances. On Friday, January 28, 2022, Defendant submitted a urinalysis drug test at the Probation Office that resulted in a presumptive positive for marijuana (THC). Defendant then admitted to smoking Marijuana three (3) days prior.

The Third Violation Report, filed on March 8, 2022, indicated that Defendant, again, failed to conduct his weekly check-in, along with his weekly drug test. Defendant also failed to make monthly payments toward his fine and court costs. Additionally, Defendant failed to schedule, attend, and complete the Petty Theft Diversion Program (PTDP) and failed to pay the fifty-dollar ($50.00) fee for the PTDP.

On May 19, 2022, the Court held a return of warrant hearing wherein the Court ordered that the People's Motion to Revoke Probation be filed no later than June 8, 2022. The People later filed their Motion for Revocation and Imposition of Sentence on May 23, 2022.

Approximately five weeks later, on June 30, 2022, Probation filed a Fourth Violation Report, indicating that Defendant failed to obey local and federal laws, as Defendant was charged in a new case, CF0315-22, on May 19, 2022.

Defendant filed his Opposition to the People's Motion on July 7, 2022. A revocation hearing was held on July 7, 2022, after which the Court took the matter under advisement.

## DISCUSSION

If the Court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the Court may revoke the probation and sentence or re-sentence the defendant, but only if the Court determines that under all circumstances, revocation will best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2). Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of probation. *People v. Camacho*, 2009 Guam 6 ¶ 27. If the Court revokes probation, it may impose any sentence that might have been imposed originally for the crimes for which the offender was convicted. 9 GCA § 80.66(b).

Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26. In this case, the Court granted favor, on behalf of the state, for Defendant to receive undergo the Petty Theft Diversion Program (PTDP). Additionally, Defendant's plea agreement set forth the terms of his probation that required him, among other conditions, to 1) report monthly; 2) pay court costs; 3) pay court fines; 4) pay for the PTDP; 5) obey all local and federal laws; and 6) avoid the use of illegal controlled substances. Here, the record reflects that Defendant violated the terms of his probation numerous times.

Further, Defendant argues that to revoke probation is to "prematurely throw in the towel on Toves." Def's Opp'n p. 2 (Jul. 7, 2022). However, as stated, probation is not an entitlement, but it is a favor given by the state, through the Court, to the criminal defendant so long as Defendant can adhere to the agreed-upon conditions. Defendant has failed to demonstrate a willingness to improve himself through probation and has failed to undergo the Petty Theft

Diversion Program. The Court is satisfied that Defendant's repeated violation of the terms of his probation and unwillingness to take advantage of its guidance supports grounds for revocation.

## **CONCLUSION**

For the above reasons, the Court **GRANTS** the People's Motion for Revocation. The Defendant is hereby sentenced to serve five (5) of incarceration at the Department of Corrections pursuant to the plea agreement, with credit for time served. *See* Judgment p. 2 (Feb. 9, 2021).

**IT IS SO ORDERED** ___SEP 1 4 2022___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam